**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**SHIRLEY MILAN**                                                                                             **PLAINTIFF**

**VS.**                                                          **CIVIL ACTION NO. 4:08-CV-69-P-B**

**DELTA REGIONAL MEDICAL CENTER
and ELIGAH JOHNSON**                                                                  **DEFENDANTS**

## CONSENT PROTECTIVE ORDER

### BACKGROUND STATEMENT

1. This civil action involves claims that Plaintiff was discriminated against on the basis of her age, as well as other causes of action. To the extent the Defendant, Delta Regional Medical Center, is required to produce to the Plaintiff in pre-discovery disclosures or subsequent discovery in this case the personnel files of any of the Defendant's past or present employees, or other materials which may involve or reveal confidential or proprietary materials, the parties agree that such items should be confidential subject to the use of such materials in this litigation. Accordingly, the parties have agreed to the entry of this Consent Protective Order ("Order"), to facilitate the production of the information requested.

### DEFINITION OF CONFIDENTIAL INFORMATION

2. "Confidential Information" as used herein means any proprietary, business, financial and/or information, as well as personnel files of past or present employees of Defendant. "Confidential information" may include documents, information contained in documents, depositions, interrogatory answers, and all other discovery pursuant to the Federal Rules of Civil Procedure, court testimony, matters in evidence and other information furnished

by or on behalf of any party in connection with this litigation which falls within the scope of this protective order.

## USE OF CONFIDENTIAL INFORMATION

3. Confidential Information as defined herein shall be used only for the purpose of the above styled and numbered civil action and shall not be used in any other civil action, and may not be disclosed to any person except the following:

- (a) Counsel for any party who have entered an appearance in this civil action and who are currently counsel of record for a party, clerical or other support staff of such counsel assisting in the preparation of this action to the extent necessary to prepare this case for trial;

- (b) Subject to the provisions of paragraph 4 below, independent experts (who shall not be a party or an employee of a party) employed by such counsel for the purpose of assisting in this action;

- (c) A witness who is either the producing party or an employee of the producing party or a former or current employee of the producing party, as is necessary to prepare this case for trial;

- (d) The court reporter and courtroom personnel at any hearing, trial or other proceeding held in connection with this civil action;

- (e) Any court, including this Court, or appellate body which has cause to consider any of the issues raised in this action;

- (f) Or any person or entity to whom this Court orders or allows disclosure after notice and opportunity for hearing. Should counsel for either party assess the need to show protected documents to any witness who does not fall within the enumerated

categories, he or she shall confer with counsel opposite and attempt to reach an agreement on the propriety of the same. If no such agreement can be reached, review by the Court must be obtained prior to such disclosure.

**NON-DISCLOSURE OF CONFIDENTIAL INFORMATION**

4. No person to whom Confidential Information is disclosed shall disclose such Confidential Information to any person to whom disclosure is not authorized by the terms hereof, or make any other disclosure of such Confidential Information for any purpose whatsoever. The party or individual disclosing Confidential Information under this protective order shall inform each person to whom Confidential Information is disclosed that the information is considered strictly "Confidential" and that the information is covered by a Court Order requiring that the information not be used or disclosed except as set forth herein.

**GENERAL CONDITIONS**

5. In the event that a party disputes the propriety of the designation of any material or information as confidential, the party may file a motion with the Court requesting a ruling regarding whether the material or information should be treated as confidential for purposes of this Order.

6. At the conclusion of the litigation, the Plaintiff agrees to return all Confidential Information to counsel for the Defendants providing the Confidential Information.

7. This Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to the Confidential Information.

8. By consenting to this Consent Protective Order, neither party is waiving any objections to the production of the Confidential Information or the introduction of the Confidential Information described herein at any deposition or the trial of this matter.

9. Nothing in the foregoing provisions of this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidential information as that party may consider appropriate; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection, or is entitled to a more limited form of protection than designated.

**SO ORDERED, THIS**, the 26th day of February, 2010.

                                                  /s/David A. Sanders
                                                  **U. S. MAGISTRATE JUDGE**