IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

SHIRLEY MILAN

VS.                                        CIVIL ACTION NO. 4:08CV69-WAP-DAS

DELTA REGIONAL MEDICAL CENTER

## ORDER

This matter is before the court following a hearing on the following motions: (1) defendant's motion to compel (# 62); defendant's motion to strike experts not specifically designated (# 69); defendant's motion for leave to file (to take deposition) or, alternatively to strike designation (# 70); and plaintiff's motion to extend the cmo deadlines, to compel, and for leave to take a corporate deposition (# 74). After considering the motions and hearing argument as to each, the court made its decision and findings from the bench. This order is entered as consistent with those rulings:

### 1. Defendant's Motion to Compel

During the hearing, the parties addressed each request to which the defendant referred in his motion. Following argument on each, the court made its decision. The court finds the defendant's motion is granted in part and denied in part. Specifically, the court ruled as follows:[1]

Interrogatory 3: The plaintiff will not be allowed to supplement any additional witnesses in addition to those provided in her response unless those witnesses became known to her

---

[1] The court notes this order is by no means intended to supplant the rulings made yesterday from the bench. This order is entered so the parties and the court have an order to which they may refer (if necessary) and possibly avoid expending resources preparing a transcript of the hearing. The present order is intended to be broad, however, and should further detail be needed, a transcript of the proceedings during which the court went into detail as to each ruling may be obtained.

1

following the close of discovery.

Interrogatory 4:  The plaintiff will not be allowed to utilize any evidence related to damages not already produced except that information produced during the deposition of Dr. Glenda Glover.

Interrogatory 5:  The plaintiff will not be required to respond to interrogatory five.  The court finds the request is made in such a way that any evidence produced could be seen as responsive to the request.

Interrogatory 6:  The plaintiff will not be allowed any witnesses in addition to Nancy Peebles and Frank Williams as witnesses to the statements described in the interrogatory.

Interrogatory 8:  The plaintiff will not be allowed to put on any witnesses who she claims did not "did not get disciplined for the tardiness and/or absenteeism" because she did not produce any such names prior to the discovery deadline.

Interrogatory 9:  The plaintiff will not be allowed to contest any tardies or absences on the occasions for which she was disciplined by DRMC except for the events that occurred in April 2006 or 2007.  During her deposition, according to defense counsel, he asked specifically whether she contested any allegations of tardiness or absence for which she was disciplined and she answered she did not.  During the hearing, plaintiff's counsel argued she did indeed contest one allegation of tardiness, and counsel explained it was discussed during her deposition.  Consequently, as for the events that occurred in April 2006 or 2007, the plaintiff will be allowed to discuss those events but only to the extent she discussed them during her deposition.

Interrogatory 10, 11, and 12:  The requests provided with these three interrogatories and the responses are resolved with the same reasoning given for the ruling as to interrogatory nine.

Interrogatory 13:  The plaintiff will produce a complete witness list no later than April 28, 2010.

Interrogatory 15:  The plaintiff will be allowed to utilize the names provided in response to interrogatory fifteen.  However, because no additional names were provided prior to the close of discovery, no additional witnesses will be allowed to testify concerning their knowledge of facts relating to the plaintiff's damages.  During the hearing, plaintiff's counsel argued that Dr. Maddox should be allowed to testify, but because that name was not provided in response to interrogatory fifteen, Dr. Maddox will not be allowed to testify as to her damages.

Request for Production 2:  Any documents, memoranda, photographs, writings, or tangible evidence not yet produced by the plaintiff will not be allowed.  The discovery deadline has passed.

Request for Production 3: The plaintiff will produce her federal and state income tax returns for the years requested no later than April 30. Should these returns not be produced by April 30, the defendant will file an appropriate motion to strike.

Request for Production 4: This request is moot.

Request for Production 6: Plaintiff's counsel stipulated during the hearing that all statements have been produced. Consequently, any statements produced after the close of discovery will not be allowed.

Request for Production 8: This request is moot.

Request for Production 9: Because no applications and/or claims for unemployment compensation benefits and social security benefits were produced, evidence concerning such will not be allowed.

## 2. Defendant's Motion to Strike Experts Not Specifically Designated

The plaintiff produced an expert designation providing that her treating physicians, health care providers, nurses, physical therapists, and/or medical professionals, may be expected to testify that she "suffered emotional distress as a result of her wrongful termination" or that she "suffered from gastrointestinal maladies as a result of the stress stemming from the circumstances of her employment at Delta Regional which culminated in her wrongful termination." Certainly the designation provided did not meet the stringent standards provided in Rule 26(a)(2) to allow for an expert to provide an opinion outside of a medical record. Additionally, the plaintiff produced no medical records. It therefore follows the designation is inappropriate for any health care provider to testify as to the matters delineated.

While plaintiff's counsel conceded no records were produced, he argued he should be allowed to introduce a note from a health care provider that was essentially a doctor's excuse for her absence. While this particular health care provider may not testify pursuant to the designation quoted above, the trial judge may address any additional arguments as to the note's

admissibility.

### 3. Defendant's Motion for Leave to File or to Strike Designation

The plaintiff will produce Dr. Glenda Glover for a deposition no later than May 3, 2010.

### 4. Plaintiff's Motion to Extend the CMO Deadlines, to Compel, and for Leave to Take a Corporate Deposition

As to the plaintiff's motion to compel any additional evidence with respect to a conflict of interest Eligah Johnson may have had with King's Daughter's Hospital and subsequently DRMC, the court finds the issues tangential and too far removed from the allegations in the present action. Accordingly, the motion to compel any additional documents will be denied.

As to any extension of the CMO deadlines, the court will extend the discovery deadline to May 3 only for the deposition of Dr. Glenda Glover. The court has granted no less than three previous extensions, and no further extensions will be granted.

Finally, because extensions have already been granted and because the plaintiff filed the present action over two years ago, the court will not extend discovery to allow for a corporate deposition.

IT IS, THEREFORE, ORDERED that the defendant's motion to compel (# 62) is GRANTED IN PART AND DENIED IN PART;

IT IS FURTHER ORDERED that the defendant's motion to strike experts not specifically designated (# 69) is hereby GRANTED;

IT IS FURTHER ORDERED that the defendant's motion for leave to file (to take deposition) or, alternatively to strike designation (# 70) is GRANTED IN PART AND DENIED

IN PART;

IT IS FURTHER ORDERED that the plaintiff's motion to extend the cmo deadlines, to compel, and for leave to take a corporate deposition (# 74) is hereby DENIED.

SO ORDERED this the 27th day of April 2010.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE